IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No

**HAWAII-WESTERN MANAGEMENT GROUP, INC.,** a California corporation and
**SHASTA ADMINISTRATIVE SERVICES, INC.,** an Oregon corporation

        Plaintiffs,

v.

**HEALTHTRIO, LLC**, a Delaware limited liability company

        Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION

Hawaii-Western Management Group, Inc. ("HWMG") and Shasta Administrative Services, Inc. ("Shasta") (collectively "Plaintiffs"), by and through their undersigned counsel, submit this Complaint for Declaratory Judgment and Rescission.

### PARTIES

1. HWMG is a California corporation with its principal place of business located at 737 Bishop Street, Suite 1200, Honolulu, Hawaii 96813.

2. Shasta is an Oregon corporation with its principal place of business located at 525 SW Umatilla Avenue, Suite 201, Redmond, Oregon 97756.

3. HealthTrio, LLC ("Defendant") is a Delaware limited liability company but was a Colorado limited liability company at the time the parties executed a document entitled connect™ License Agreement (the "Agreement") and until September 16, 2021.

4. Defendant's principal offices are, according to the Agreement, located at 400 S. Colorado Boulevard, Suite 540, Denver, Colorado 80246. Defendant also has an address at 603 N. Wilmot Road, Tucson, AZ 85711.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6. Personal jurisdiction is proper in Colorado against Defendant as according to the Agreement its principal place of business is in Colorado and Section 12(E) of the Agreement provides that the Agreement shall be governed by and construed in accordance with the laws of the State of Colorado. The Agreement also selects the state and federal courts located in Denver, Colorado as the exclusive jurisdiction to resolve any disputes, controversies or claims.

7. Venue is proper in this forum, pursuant to 28 U.S.C. §§ 1391(b)(1), because Defendant resides in this district.

## FACTUAL ALLEGATIONS

8. HWMG is a third-party administrator of health plans.

9. Shasta is an affiliate and is a wholly owned subsidiary of another company which HWMG owns 49%. Shasta is also a third-party administrator of health plans.

10. Defendant is a software-as-a-service provider for the healthcare market and, in particular, builds online portals for companies like HWMG and Shasta that allow them to interface with health care providers, customer employers, the employers' participants and brokers while administering their health plans.

11. In October of 2019 HWMG, on behalf of itself and "its affiliates and subsidiaries," and Defendant entered into the Agreement.

12. The Agreement was for a seven-year term.

13. The Agreement required Defendant to license a portal "System" for HWMG and Shasta, provide professional services related to that System and host maintain, implement and provide services for that System.

14. The "System" was defined as "(1) the HealthTrio connect™ application software component portions of which, when implemented include the modules, features and functions listed in Exhibit A [t]hereto. (2) any custom or non-custom modifications, improvements and corrections thereto provided to Licensee under this Agreement and (3) the HealthTrio Web Server(s). . ."

15. Exhibit A to the Agreement was an 83-page list of all the features that the System was to include.

16. In Section 13 of the Agreement, Defendant warranted that the System will function in substantial conformance with the "System Documentation," defined as Exhibit A to the Agreement.

17. In Section 13 of the Agreement, Defendant also warranted that the System and the hardware listed in Exhibit B to the Agreement "will be configured to operate together as a whole."

18. Exhibit C to the Agreement required HWMG to pay $181,300 in implementation fees.

19. Exhibit C also required HWMG to pay monthly cost per member per month fees ("PMPM fees") and data hosting fees.

20. HWMG has paid Defendant at least $184,983.10 in implementation fees (the "Implementation Fees") and has paid monthly PMPM and data hosting fees since December, 2020 in the amount of $94,600.

21. Exhibit C stated that the implementation of the Shasta portal would be an initial priority.

22. Exhibit C stated that it would then implement a portal for HWMG.

23. Exhibit C also indicated that both Shasta and HWMG portals would be implemented with a new claims system (Javelina) with a target date of eighteen months.

24. Contemporaneously with the Agreement, the Defendant provided HWMG and Shasta with a project plan of deliverables and the dates by which certain functionalities of the system would be provided.

25. Throughout the project Defendant, without the consent of Shasta, would extend the deadlines for deliverables.

26. For example, the initial transition date for Shasta was supposed to be August 1, 2020 but Defendant failed to implement the transition from Shasta's previous portal until December 1, 2020.

27. To date, Defendant has not provided any deliverable to HWMG.

28. To date, with regard to Shasta, the System does not "function in substantial conformance with the System Documentation." Namely, numerous features in Exhibit A do not exist or do not function.

29. To date, the System has not been configured to operate with the hardware in Exhibit B and the System does not exist for HWMG.

30. In April 2021, after key personnel involved in the project had conferred with each other for at least sixty days, HWMG's president and chief operating officer wrote the individual identified in the Agreement as the Defendant's contact person expressing concern with Defendant's compliance with the Agreement.

31. Subsequently, from May of 2021 into February of 2022, HWMG's president and chief operating officer conferred at least eleven times via Zoom with his counterpart at Defendant as well as Defendant's Director of Implementation Services in an attempt to resolve the deficiencies in Defendant's performance under the Agreement.

32. Nevertheless, in April 2022, there are numerous items with respect to the Shasta portal that still are not complete or have not been started. These include the creation of secure fillable forms as opposed to downloadable PDF's; a functional document manager for Shasta to use without ongoing HealthTrio interaction; provider portal deficiencies including the lack of a viable secure messaging functionality that does not require a provider to manage 100+ mailboxes, no claims submission or replacement functionality, no remittance advice inquiry functionality, no referral/authorization status inquiry or submission functionality; member portal deficiencies including the inability of the eligibility and benefits inquiry function to show dental, prescription and vision benefits as well as medical benefits, claim procedure and diagnosis codes not showing user-friendly descriptions, members inability to review the referral and authorization updates from their providers, and a members' inability to designate an authorized representative; employer portal deficiencies including enrollment features with so many errors the functions are unusable, inability to review referral and authorization status of members, non-functional billing

reconciliation, and prior month adjustments not displaying; and broker portal deficiencies such as the lack of quote management functionality.

33. Additionally, representational state transfer application programming interface integration ("REST API") for eligibility and benefits, secure messaging, referral and authorization status/submission and enrollment remains incomplete.

34. Perhaps most importantly, to date, the System is not able to function with the designated claim system, Javelina.

35. Furthermore, Defendant has not constructed nor delivered a System for HWMG to integrate with Javelina.

36. Finally, Shasta and HWMG have submitted numerous configuration and production tickets to Defendant that have not been resolved.

37. On February 2, 2022, Plaintiffs wrote the Defendant pursuant to Section 15 of the Agreement asking that the Agreement be terminated by mutual consent or that the deficiencies in Defendant's performance described herein be remedied within thirty days.

38. Defendant wrote back on March 3, 2022 refusing to mutually terminate.

39. Defendant, however, failed to cure any of the deficiencies in the functionality of the System as referenced in the February 2, 2022 notice and elaborated on herein by March 4, 2022.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract by HWMG)**

40. HWMG incorporates herein by reference each of the preceding paragraphs of this Complaint.

41. HWMG has substantially performed under the Agreement.

42. Defendant has materially breached the Agreement in that after more than two years it has failed to license a System to HWMG.

43. HWMG has been damaged by the Defendant's material breach of the Agreement.

44. As a consequence of Defendant's material breach of the Agreement, the Agreement should be rescinded.

**WHEREFORE**, HWMG requests the relief at the end of this Complaint.

## SECOND CLAIM FOR RELIEF
**(Breach of Express Warranty – HWMG)**

45. HWMG incorporates herein by reference each of the preceding paragraphs of this Complaint.

46. Defendant expressly warranted in Section 13(B) that "the System will function in substantial conformance with the System Documentation."

47. In breach of the express warranty, the System that Defendant has provided HWMG's affiliate and subsidiary Shasta does not function in substantial conformance with the System Documentation.

48. Defendant warranted in Section 13(B) of the Agreement that "the System and the Hardware identified in <u>Exhibit B</u> hereto will be configured to operate together as a whole".

49. In breach of the express warranty, the portal System and the Hardware identified in Exhibit B have not been configured to operate together as a whole for HWMG's affiliate and subsidiary Shasta.

50. HWMG has been damaged as a result of Defendant's breach of its express warranties.

51. The Agreement should be rescinded as a result of Defendant's breach of the Agreement's express warranties.

**WHEREFORE**, HWMG requests the relief at the end of this Complaint.

### THIRD CLAIM FOR RELIEF
### (Third Party Beneficiary - Shasta)

52. Shasta incorporates herein by reference each of the preceding paragraphs of this Complaint.

53. Shasta is a third-party beneficiary of the Agreement and the express warranties contained therein in that HWMG and Defendant intended to benefit Shasta by virtue of the Agreement.

54. Shasta is a third-party beneficiary of the Agreement in that the benefit to Shasta was direct and not merely incidental.

55. Shasta is a third-party beneficiary of the Agreement in that Defendant partially performed services for Shasta under the Agreement.

56. Defendant has breached the Agreement with regard to Shasta in that the System does not function in substantial conformance with the "System Documentation," namely, the features in Exhibit A to the Agreement.

57. Defendant has breached the Agreement with regard to Shasta in that the System and the Hardware identified in Exhibit B have not been configured to operate together as a whole.

58. Defendant has breached the Agreement with regard to Shasta in that Defendant has not integrated with the Javelina claim system.

59. Defendant has breached the Agreement with regard to Shasta in that Defendant has not abided by the project plan and provided deliverables on the dates set forth in the project plan.

60.     Shasta has been damaged by the Defendant's breaches of the Agreement and the express warranties contained therein.

**WHEREFORE**, for the reasons set forth above, the Plaintiffs request the following relief:

A.     The Court declare the Agreement terminated and that Plaintiffs have no further obligations to Defendant under the Agreement;

B.     Rescission of the Agreement including that the Plaintiffs be awarded as damages the $184,983.10 of implementation fees paid to Defendant and the $94,600 of PMPM fees and data hosting fees;

C.     Alternatively, such other compensatory and consequential damages as can be proved at trial;

D.     Interest, both pre-judgment and post-judgment; and

E.     Attorney's fees and costs pursuant to applicable contractual provision, statute or rule; and

F.     Such other and further relief as the Court may deem just and proper.

Dated:  April 28, 2022

                                      Respectfully submitted,

                                      By: */s/ Harold R. Bruno*
                                      Harold R. Bruno III
                                      Samuel G. John
                                      Robinson, Waters & O'Dorisio, P.C.
                                      1099 18th Street, Suite 2600
                                      Denver, CO 80202
                                      (303) 297-2600
                                      hbruno@rwolaw.com
                                      sjohn@rwolaw.com